**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE APPLICATION OF JODIE GOTTLIEB,<br><br>            Plaintiff,<br><br>     v.<br><br>CITIBANK, N.A., et al.,<br><br>            Defendants. | Case No.  5:26-mc-80178-BLF<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>[Re: ECF No. 1] |

Before the Court is Applicant Jodie Gottlieb's *ex parte* application pursuant to 28 U.S.C. § 1782 for an order granting leave to obtain limited discovery from Citibank, N.A. ("Citibank") and Upwork Global LLC ("Upwork") in connection with a legal action Australia.  ECF No. 1 ("App.").  Counsel for Citibank, but not Upwork, have noticed an appearance in this action.  ECF No. 9.  For the reasons below, the application is GRANTED.

**I.    BACKGROUND**

Applicant is a stay-at-home wife and mother who was married to Adam Gottlieb in Australia in Decembre 2004.  ECF No. 1-6 ("Gottlieb Decl.") ¶ 2.  Mr. Gottlieb is self-employed and owns several companies including Teleportivity, Inc. ("Teleportivity"), a United States technology start-up that develops and provides a communication platform; on January 15, 2026, Mr. Gottleib filed an application for separation from Applicant and the disposition of certain assets.  *Id.* ¶¶ 2–4; *see also Adam Nicholas Gottlieb and Jodie Michelle Gottlieb*, SYC241/2026 ("Proceeding"), ECF No. 1-3 ("Karas Decl.") ¶ 7.

As part of the Proceeding, Applicant and Mr. Gottlieb are required to make certain disclosures relating to their finances and assets for the division of assets and determination of child support.  *See* Karras Decl. ¶ 7.  Applicant believes that Mr. Gottlieb's disclosures are incomplete

or misleading.  *See* Gottlieb Decl. ¶ 6.  Through her own investigation, she learned of at least one Citibank account in the United States held by Mr. Gottlieb, which was not identified in the United States.  *Id.* ¶ 7.  Applicant also believes that Mr. Gottlieb may have been embezzling family funds through Upwork in the United States.  *Id.* ¶¶ 8–10.

Applicant has attached two proposed subpoenas that she seeks to serve on Citibank and Upwork.  The subpoena to Citibank seeks documents relating to Mr. Gottlieb's purported Citibank account and any other account held by him to verify his disclosures.  ECF No. 1-1 ("Citibank Subpoena").  The subpoena to Upwork seeks to "confirm the transactions made by Teleportivity and A. Gottlieb on the Upwork platform, their legitimacy, and to identify the recipients of the payments Teleportivity and A. Gottlieb made on the platform."  Gottlieb Decl. ¶ 11; *see also* ECF No. 1-2 ("Upwork Subpoena").

## II.   LEGAL STANDARD

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . .  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

The statute's purpose is "to provide federal-court assistance in the gathering evidence for use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  Section 1782 permits district courts to authorize discovery "where three general requirements are satisfied:  (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

United States District Court
Northern District of California

A district court has discretion to authorize discovery under section 1782. *Intel*, 542 U.S. at 260. In exercising this discretion, a district court should consider the following four factors identified by the Supreme Court: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65. In exercising its discretion, the district court should consider the twin aims of the statute: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Section 1782 applications are generally considered on an ex parte basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (internal quotation marks and citation omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at \*2 (N.D. Cal. Mar. 24, 2016).

III. **DISCUSSION**

**A. Statutory Requirements**

Applicant's request satisfies the three requirements of section 1782. First, the statute requires that the respondent be found in the district. A business entity is "found" in a judicial district where it has corporate offices. *In re Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at \*2 (N.D. Cal. Nov. 20, 2017). Both Upwork and Citibank have offices and branches in Palo Alto, California.

Second, the discovery must be for use in a proceeding in a foreign tribunal.  For a proceeding to meet this requirement, it need not be "pending" or "imminent"; it need only be "within reasonable contemplation." *Intel*, 542 U.S. at 259.  Here, Applicant attached the declaration of her attorney, who is representing her in current family law proceedings in the Federal Circuit and Family Court of Australia.  Karas Decl. ¶ 2.

Third, an application under section 1782 must be brought by an "interested person."  A litigant in a foreign proceeding is an "interested person" for purposes of section 1782.  *Intel*, 542 U.S. at 256–57.  As a party in the civil lawsuit, Applicant is an interested person.  Karas Decl. ¶ 2.

**B. Discretionary *Intel* Factors**

The discretionary factors identified by the Supreme Court in *Intel* weigh in favor of the Court granting the application.

1. Citibank and Upwork are not participants in the foreign action

The first factor, whether the respondent is a participant in the foreign action, supports obtaining discovery from entities who are not parties in the foreign tribunal.  *Intel*, 542 U.S. at 264.  "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  *Id.*  Here, neither respondent will be a party or participant in the Proceeding; the only other party would be Mr. Gottlieb.  *See* Karas Decl. ¶ 15.  This factor therefore weighs in favor of granting the application.

2. Australian courts are receptive to U.S. judicial assistance

The Supreme Court next requires a district court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *Varian Med. Sys.*, 2016 WL 1161568, at *4.  The Court is not aware of any directive from Australia against the use of section 1782 evidence, and courts in this district routinely grant section 1782 discovery for use in proceedings in Australia.  *See, e.g.*, *In re Mishra*,

United States District Court
Northern District of California

No. 22-cv-08923-BLF, 2022 WL 17905112, at *1 (N.D. Cal. Dec. 23, 2022). The Australian court authorized this application. Karras Decl. ¶ 18. Therefore, this factor weighs in favor of granting discovery.

### 3. There is no circumvention of foreign discovery procedures

The third factor asks a court to consider whether the applicant is aiming to circumvent the foreign jurisdiction's proof-gathering restrictions. *Intel*, 542 U.S. at 265. This factor will weigh in favor of discovery if there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014). Here, there is no reason to believe that Applicant is seeking to circumvent Australian evidence laws, and as mentioned above, the Australian court has authorized this application. Absent any evidence to the contrary, this factor weighs in favor of granting discovery.

### 4. The request is not unduly burdensome or intrusive

The last *Intel* factor asks a court to consider whether the proposed discovery is overly burdensome or intrusive. 542 U.S. at 265. The subpoenas seek information from Citibank and Upbank about information that would confirm Mr. Gottlieb's financial disclosures in the proceeding and are narrowly tailored to that effect. To the extent Citibank or Upbank assert that any of the information sought by Applicant is burdensome or confidential or proprietary, they can bring a motion to quash or the parties can enter a protective order. *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO-TSH, 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019).

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Court GRANTS the *ex parte* application authorizing discovery under 28 U.S.C. § 1782(a).

**IT IS SO ORDERED.**

Dated:  July 7, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5